**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PATRICIA FREDE,**

                              **Plaintiff,**

**-vs-**                                                    **Case No.  6:06-cv-112-Orl-19DAB**

**J.C. PENNEY CORPORATION, INC.,**

                              **Defendant.**
_____

# ORDER

This case comes before the Court on the following:

1.      Defendant's Motion for Summary Judgment and Memorandum of Law in Support of Defendant's Motion for Summary Judgment (Doc. No. 24, filed Apr. 30, 2007); and

2.      Plaintiff's Response to Defendant's Motion for Summary Judgment (Doc. No. 26, filed June 1, 2007).

## Background

On December 17, 2004, Plaintiff entered J.C. Penney Store #0321 in order to purchase a shirt for her husband and stepped onto one of the store's escalators.  (Doc. 24-2, pp. 51, 61, 63).  The escalator she used was smeared with an unidentified gel-like substance causing her to slip.  (*Id.* at p. 61).  Plaintiff was injured as a result of her fall and sought medical treatment for her injuries.  (*Id.* at p. 28).  Plaintiff later filed a complaint for negligence against Defendant seeking damages, specifically alleging that Defendant breached its duty to clean and maintain its escalator, thereby causing her to slip and suffer multiple injuries.  (Doc. No. 2).

Defendant moves for summary judgment alleging that: (1) there is insufficient evidence in the record for Plaintiff to prove negligence; and (2) it is entitled to summary judgment on the basis of spoliation because Plaintiff's disposal of the only physical evidence is fatally prejudicial to its ability to defend itself.  (Doc. No. 24).  Defendant submits Plaintiff's deposition in support of its motion, along with an affidavit of one of its employees stating that no substance was on the escalator immediately following Plaintiff's slip-and-fall.  (Doc. Nos. 24, 24-2).  Plaintiff opposes Defendant's motion and contends that: (1) her deposition testimony is sufficient to establish a cause of action for negligence; and (2) Defendant's argument that it is entitled to summary judgment on the basis of spoliation is without merit.  (Doc. No. 26).

## Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Summary judgment is only appropriate when "the evidence is such that a reasonable jury could [not] return a verdict for the nonmoving party."  *Id*.  The moving party has the burden of proving that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party.  *Anderson*, 477 U.S. at 255. The court may not weigh conflicting evidence or weigh the credibility of the parties.  *E.g.*, *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993).  If a reasonable fact finder could draw

more than one inference from the facts and that inference creates an issue of material fact, a court must not grant summary judgment. *Id.*

## Analysis

### I.      Defendant's argument that there is insufficient evidence to prove negligence

Florida has codified the burden of proof for plaintiffs asserting premises liability negligence claims against business owners on the basis of transitory foreign substances.   Fla. Stat. § 768.0710(2).   A plaintiff is specifically required to prove: (1) the entity in control of the business premises owed her a duty; (2) the entity in control of the business premises acted negligently by failing to exercise reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premises; and (3) the failure to exercise reasonable care was a legal cause of the injury. *Id.*  With respect to the second element, a plaintiff is not required to prove "[a]ctual or constructive notice of the transitory . . . substance."  Fla. Stat. § 768.0710(2)(b).   "However, evidence of notice or lack of notice offered by any party may be considered together with all of the evidence." *Id.*

Florida law explicitly creates "a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises, which includes reasonable efforts to keep the premises free from transitory foreign objects or substances that might foreseeably give rise to loss, injury, or damage."  Fla. Stat. § 768.0710(1).   Under Florida law, a person injured on another's property is considered a business invitee if "the injured person, at the time of the injury, had present business relations with the owner of the premises which would render his presence of mutual aid to both[.]"  *Post v. Lunney*, 261 So.2d 146, 148 (Fla. 1972).   Customers of a store are generally considered business invitees.  *See e.g.*, *Izquierdo v. Gyroscope, Inc.*, 946

So.2d 115, 118-19 (Fla. 4th DCA 2007) (restaurant customer who slipped on a napkin was considered a business invitee); *Bryant v. Lucky Stores, Inc.*, 577 So.2d 1347, 1349 (Fla. 2d DCA 1990) (supermarket customer who tripped over a speed bump in the parking lot was considered a business invitee).

The evidence shows that Plaintiff entered Defendant's store in order to purchase a white shirt for her husband and did in fact purchase a white shirt before leaving the premises.  (Doc. No. 24-2, pp. 56, 63, 85).  Thus, a business relationship existed between the parties, and Plaintiff can be considered a business invitee. *See Post*, 261 So.2d at 148.  Because Plaintiff was a business invitee, Defendant owed Plaintiff a duty of reasonable care at the time of the injury.  Fla. Stat. § 768.0710(1).

The duty of reasonable care includes "a duty not only to react to hazards of which it has notice but also to inspect to ensure conditions are safe or, at the least, that hazards (unless open and obvious) are discovered and warned against."  *Food Lion, LLC v. Monument/Julington Assoc. Ltd.,* 939 So.2d 1106, 1107-08 (Fla. 1st DCA 2006).  Whether the "duty to maintain the premises has been breached is ordinarily a question for the jury to decide."  *Id.* at 1108; *see also Aaron v. Palatka Mall, LLC,* 908 So.2d 574, 578 (Fla. 5th DCA 2005) ("When an injured party alleges that the owner or possessor breached the duty to keep the premises in a reasonably safe condition, an issue of fact is generally raised as to whether the condition was dangerous and whether the owner or possessor should have anticipated that the dangerous condition would cause injury despite the fact it was open and obvious.")

There is evidence in the record to establish that a gelatinous foreign substance was on the tread of the escalator on which Plaintiff slipped.  (Doc. No. 24-2, p. 61).  Plaintiff testified that the

substance was present for a length of time sufficient to lead to the smearing of the substance over three-quarters of the escalator step.  (*Id*. at pp. 65-67).  Plaintiff is not required to prove actual or constructive notice of the transitory substance.  Fla. Stat. § 768.0710(2)(b).  Defendant introduces evidence, in the form of Gail Michaud's affidavit, indicating that no substance was on the escalator immediately after Plaintiff fell.  (Doc. No. 24, pp. 17-18).  However, it is not the role of the Court in determining a motion for summary judgment to weigh the evidence or the credibility of the parties.[1]  *E.g.*, *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993).  Despite Defendant's argument, the evidence of  record is sufficient for a jury to find that Defendant negligently breached its duty to exercise reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the escalator.  *See* Fla. Stat. § 768.0710(2)(b).

Plaintiff testified that she suffered injuries to her back as a result of her fall and sought medical treatment.  (Doc. No. 24-2, p. 28).  This is evidence that Plaintiff suffered a legitimate injury as a result of Defendant's failure to exercise reasonable care.  Fla. Stat. § 768.0710(2).  Thus a reasonable jury could return a verdict for the Plaintiff.  Therefore, Defendant's argument that it is entitled to summary judgment because there is insufficient evidence in the record to prove negligence is without merit.

---

[1]     Defendant's argument that Plaintiff's testimony is not credible is not a proper reason to grant summary judgment.  (*See* Doc. No. 24).  The Court's role at the summary judgment stage is merely to assess the sufficiency of the evidence, not the credibility of the parties.  FED. R. CIV. P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Defendant's argument that Plaintiff's testimony is not credible is more properly one for submission to the jury.

## II.    Defendant's Argument that it is Entitled to Summary Judgment on the Basis of Spoliation

Defendant has also moved for summary judgment on the basis of spoliation as Plaintiff admits she knowingly disposed of physical evidence that Defendant alleges is necessary for it to prove its case.  (Doc. No. 24, pp. 4-5; Doc. No. 24-2, pp. 89-90) (Plaintiff admits to throwing away clothing she was wearing at the time of the incident).   "Federal law governs the imposition of spoliation sanctions."  *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005).

The term "spoliation" refers to the failure to preserve evidence that is necessary to contemplated or pending litigation.  *See e.g., id*. at 943 n. 9 (citing Georgia law and noting it as being "wholly consistent with federal spoliation principles"). When spoliation occurs, a party may move for sanctions.  *Id* at 944.  "Dismissal [as a result of spoliation] represents the most severe sanction available to a federal court, and therefore should be exercised only where there is a showing of bad faith and where lesser sanctions will not suffice." *Id*.

Defendant has not shown bad faith on the part of the Plaintiff, and bad faith on the part of Plaintiff cannot be discerned from this record.  Moreover, Defendant argues that Plaintiff is not credible and submits evidence that there was no substance on the escalator.  (Doc. No. 24 at pp. 17-18).  Solely with this argument, a reasonable jury could find in favor of Defendant.  Thus, There is no reason to conclude that lesser sanctions would not suffice in this instance.

Defendant has failed to show either of the elements necessary for the Court to dismiss a claim due to spoliation, thus Defendant's argument that it is entitled to summary judgment on the basis of spoliation is without merit.  (Doc. No. 24 at pp. 17-18); *e.g.*, *Flury* 427 F.3d at 944; *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374-75 (11th Cir. 1999) (finding that dismissal is only an

appropriate sanction for spoliation where there is a clear record of willful contempt and an implicit or explicit finding that lesser sanctions would not suffice).

**Conclusion**

Based on the foregoing, the Court **DENIES** Defendant's Motion for Summary Judgment (Doc. No. 24).

**DONE** and **ORDERED** in Chambers in Orlando, Florida on August 3__, 2007.


_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT


Copies furnished to:

Counsel of Record